ALFONSO *v.* WHITE.

4-8718                                          217 S. W. 2d 251

Opinion delivered February 7, 1949.

W. F. Reeves, for appellant.

N. J. Henley, for appellee.

SMITH, J. The record in this case tells a sordid story of poverty, ignorance, stupidity and fraud. An old man named Alfonso, who was a World War I veteran, came to Harrison, Arkansas, and had the misfortune to meet one Ras White, who had bought, at a tax sale, two tracts of land, for one of which he paid $3.41 and $2.57 for the other. He had two collector's certificates showing these sales, which had been made about six months prior to White's meeting with Alfonso. White proposed to sell the land to Alfonso, who said he was primarily interested in getting married, and that he wanted a wife. White told Alfonso that he knew a woman he might marry, and Alfonso agreed to buy the land if White found him a wife. White contacted a woman who was then Bertha Peoples and is now Bertha Hensley, and told her about Alfonso who was looking for a wife, and that he thought Alfonso was able to take care of her. He arranged a meeting between Bertha and Alfonso and Alfonso told her that he was looking for a wife. After a few other meetings, all of which were arranged by White, it was agreed between Bertha and Alfonso that they should marry and they met in Harrison to consummate. this agreement and were married. The record does not disclose where the wedding occurred, but it was evidently in Harrison.

Bertha was an ignorant woman, without a home or regular employment, and supported herself and her son by doing odd jobs, principally washing and ironing. The age of Bertha's son is not shown, but he testified at the trial, which terminated in the judgment from which is this appeal, and gave testimony corroborating that of his mother. Bertha has practically no education and can barely read and write, and had had no business experience of any kind.

According to Bertha, White did not tell her or Alfonso that he had only a certificate showing his purchase of these two tracts of land which were subject to the right of redemption within two years from the date of the sale. The land has since been redeemed.

The testimony is in irreconcilable conflict as to whether White sold the land to Bertha or to Alfonso. She testified that she bought the land with money given her by Alfonso as a wedding present. It is undisputed that after the wedding White and Alfonso went to a bank where Alfonso cashed $750 in traveler's checks, and the bank cashier testified that after cashing the checks, Alfonso turned the money over to White. Thereafter the certificates of purchase, which had been represented as being deeds, were delivered to Bertha as a wedding present. Bertha denies this and says she was given the money, and that she bought the land as she supposed. The court instructed the jury that if they found the facts so to be, they would return a verdict in her favor for the amount paid for the land, as the fraud is patent.

Bertha is corroborated by the fact that White prepared a receipt which he did not sign, reading as follows:

"Harrison, Arkansas."

"I, Ras White, received of Mrs. Bertha Alfonso, $750.00, purchase of land, the 8-11-1947, about one mile northwest of St. Joe, Ark., about ¼ mile of Highway 65, County of Searcy, Ark."

This receipt was written on a blank bank deposit slip, which is a circumstance contradicting Bertha's testimony, that the money was not paid to White in the bank, but was paid by her in the cafe where they had eaten their lunch, after Alfonso had given her the money. The certificates of purchase were delivered to Bertha by White and each bore the endorsement "sold without refund."

White testified that he advised with his attorney as to whether he could sell and assign the certificates, and was advised that they were assignable. He further tes-

tified that he proposed to sell them to Alfonso and advised him that the land was subject to redemption and might be redeemed, and that Alfonso said he would buy them if White would find him a wife, and would take the chance of redemption. White told Alfonso that he thought he could find a wife for him in a city the size of Harrison, and that he proceeded to find one, and that Alfonso paid him the agreed price for his services by buying the certificates, and that Alfonso paid him the money in the bank. That Alfonso did pay White the money in the bank is corroborated by the bank cashier. White testified that Alfonso directed the receipt to be made in his wife's name and that this was done at Alfonso's direction, as he wanted his wife to know that he had paid the money. White further testified that Alfonso directed that the certificates of purchase be assigned to Mrs. Alfonso, and they were so assigned, and that Alfonso presented the certificates to his wife as a wedding present.

Mrs. Alfonso testified that soon after the marriage her husband told her that he "was under guardianship" and to look out for herself and that Alfonso was crazy.

The transaction in which White was paid the money occurred Aug. 11, 1947, and the suit to recover the money was filed Aug. 25, 1947. Mrs. Alfonso testified that she lived with her husband ten days and that he obtained a divorce from her in September, 1947, and it is undisputed that one month and two days after marrying Alfonso, she married another, and is now Mrs. Hensley.

There is something more than a suspicion that Mrs. Alfonso colluded with White to defraud Alfonso, but this may not be true as the case was not tried on that theory. The issue presented to the jury was whether Alfonso had given his wife $750 in money, with which she bought the land, as she supposed, or whether he gave her the certificates of purchase for which he and not his wife paid the $750. This was the issue of fact submitted to the jury and the verdict reflects the finding that the jury accepted as true the testimony of White, and not that of Mrs. Hensley, nee Alfonso.

The testimony on the part of White is sufficient to support the finding that Alfonso did not give his wife the money, but gave her the certificate of purchase, and if this is true, it was her husband and not herself who was defrauded and he is not a party to the suit and is no longer appellant's husband. The record does not show where Alfonso now is.

The judgment must therefore be affirmed and it is so ordered.